UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE F. PALIOTTO,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. CV 11-2477 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION AND SUMMARY

On March 24, 2011, plaintiff George F. Paliotto ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB"). [Docket No. 1.]

On September 29, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 9, 10, 11.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, the

Administrative Law Judge ("ALJ") erred in her step-four evaluation. The Court thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 55 years old on the date of his administrative hearing, is a college graduate and has a masters degree in psychology and counseling. (*See* Administrative Record ("AR") at 43, 47, 115, 138.)

On June 7, 2006, Plaintiff filed for DIB, alleging that he has been disabled since April 21, 2005 due to neck, back, and shoulder injuries. (*See* AR at 73, 83, 115, 131.)

On September 21, 2009, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (AR at 43-70.) The ALJ also heard testimony from Elizabeth Cerezo-Donnelly, a vocational expert ("VE"). (*Id.*)

On October 21, 2009, the ALJ denied Plaintiff's request for benefits. (AR at 15-21.) Applying the familiar five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (*Id.* at 17.)

At step two, the ALJ found that Plaintiff suffers from severe impairments of "status post C6-7 fusion[;] multi-level cervical disc bulging with right radiculopathy, status post C6-7 fusion. . . and status post C5-6 discectomy and decompression . . . and fusion[;] status post resection of right bursa medial scapula[;] and[] disc narrowing L4 through S1." (AR at 17 (bold omitted).)

At step three, the ALJ determined that the evidence does not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[1] (AR at

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

17.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that he can perform light work except "occasional climbing, balancing, stooping, kneeling, crouching, crawling; and, rare overhead reaching with right upper extremity." (AR at 18 (bold omitted).)

The ALJ found, at step four, that Plaintiff has the ability to perform his past relevant work as a sales representative and sales manager. (AR at 20.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 15, 21.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-3, 10.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*,

---

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## ISSUES PRESENTED

Two disputed issues are presented for decision here:

1. whether the ALJ properly concluded at step four that Plaintiff could perform his past relevant work, (Joint Stip. at 5-12, 15-16); and

2. whether the ALJ properly assessed Plaintiff's credibility. (*Id.* at 16-23, 25.

Under the circumstances here, the Court finds the issue of the ALJ's step-four evaluation to be dispositive of this matter, and does not reach the remaining issue.[3]

---

[3] Although the Court declines to address Plaintiff's claim that the ALJ improperly evaluated his credibility, the Court notes that the ALJ's determination appears to be supported by substantial evidence. For instance, Plaintiff testified that he is able to "sit for about 20 minutes or so, and then stand for maybe . . . 10 to 15 [minutes]." (AR at 56.) Plaintiff also stated "on a one to ten pain scale" his pain

4

## V.

## **DISCUSSION AND ANALYSIS**

    A.    <u>Step-Four Determination</u>

    Plaintiff argues that the ALJ erred in finding Plaintiff could perform his past relevant work as a sales representative and sales manager "despite [his] limitation to rare reaching overhead with the right upper extremity." (Joint Stip. at 5.) Plaintiff contends that the occupation of sales representative requires "frequent . . . use of both upper extremities to reach" and the occupation of sales manager requires "occasional . . . use of both upper extremities to reach." (*Id.* at 6.)

        1.    <u>Legal Standard</u>

    "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). To find that a claimant retains the capacity to perform his or her past relevant work, the ALJ must determine whether the claimant can perform:

        1. The actual functional demands and job duties of a particular past relevant job; or

        2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

---

averages between "five and seven." (*Id.* at 55.) However, Plaintiff's treatment notes indicate that he remains quite functional and active. (*See, e.g., id.* at 260 (treatment note indicating Plaintiff "painted and drew a lot . . . for five days"), 264 (treatment note indicating Plaintiff has "been feeling better" and has "been having 3-4/10 pain"), 275 (treatment note reporting Plaintiff had a "5 hr painting class last night"), 302 (treatment note indicating Plaintiff reported he "went for a walk for a mile and . . . seemed to do okay").)

5

*Id.* at 845 (quoting Social Security Ruling ("SSR") 82-61,[4/] 1982 WL 31387, at *2). The ALJ may utilize a VE to assist in the determination of whether a plaintiff can perform his or her past relevant work. *See* 20 C.F.R. §§ 404.1560(b)(2) (VEs and Vocational Specialists[5/] can be used at step four to determine whether a claimant can perform past relevant work) & 416.960(b)(2) (same); *accord* SSR 82-61, 1982 WL 31387, at *2; *see also* SSR 00-4p, 2000 WL 1898704, at *2 (VEs can be utilized by ALJ at administrative hearings to provide vocational evidence).

In particular, an ALJ's determination that a plaintiff has the RFC to perform his or her past relevant work must contain the following findings of fact:

    1. A finding of fact as to the individual's RFC.

    2. A finding of fact as to the physical and mental demands of the past job/occupation.

    3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4; *see also Soria v. Callahan*, 16 F. Supp. 2d 1145, 1151 (C.D. Cal. 1997) ("At step four, the ALJ is obliged to ascertain the demands of the claimant's former work and to compare those demands with present capacity.").

/ / /

/ / /

---

[4/] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th Cir. 2001) (internal citations omitted).

[5/] While a VE provides evidence at hearings before an ALJ, a vocational specialist "provide[s] evidence to disability determination services (DDS) adjudicators[.]" SSR 00-4P, 2000 WL 1898704, at *1.

         2.     <u>The ALJ Improperly Concluded Plaintiff Could Perform His Past Relevant Work</u>

The Court finds that the ALJ's step-four determination is not supported by substantial evidence.

The ALJ found Plaintiff "is capable of performing [his] past relevant work as a sales representative[, and ] sales manager" and made findings based on the VE's testimony. (AR at 20, 63-64.) At the hearing, the VE testified that Plaintiff's past relevant work is reflected in the *Dictionary of Occupational Titles* ("DOT") as DOT 276.257-022 for the sales representative position, and DOT 163.167-018 for the sales manager position. (AR at 63-64.) The job of sales representative requires frequent reaching, which is defined as 1/3 to 2/3 of the time. DOT 276.257-022. The job of sales manager requires occasional reaching, which is defined as up to 1/3 of the time. DOT 163.167-018. The VE testified that Plaintiff could perform both jobs as generally performed, and could perform the sales representative job as actually performed. (AR at 63-64.) The ALJ did not inquire as to whether there was a conflict between the VE's testimony and the DOT. (*See, generally, id.* at 63-70.)

In light of the ALJ's RFC finding that Plaintiff is limited to "rare overhead reaching with [his] right upper extremity," (AR at 18 (bold omitted)), an apparent conflict exists between the DOT definitions of a sales representative and sales manager and the VE's testimony. That conflict was not acknowledged or reconciled by the VE during her testimony, or by the ALJ in her decision. (*See, generally,* AR at 15-21, 63-70.) While the ALJ may rely on the VE's testimony that conflicts with the DOT, the ALJ must determine "whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (footnote omitted). Although the VE may have been able to provide such an explanation, in this case the ALJ failed to obtain one.

Defendant claims that "Plaintiff's premise ignores the difference between the

general 'reaching' found in the DOT and specific 'overhead reaching' of his RFC." (Joint Stip. at 12.) Defendant maintains that "[n]othing in the DOT's descriptions of the jobs in question indicated that 'reaching' was always overhead." (*Id.*) The Court is not persuaded. In this context, reaching means "extending the hands and arms in any direction." SSR 85-15, 1983 WL 56857, at *7. The DOT does not state that the occasional and frequent reaching required of the sales representative and sales manager jobs is only rarely performed overhead. Thus, Plaintiff's inability to perform more than rare overhead reaching with his right upper extremity is inconsistent with these requirements. Perhaps the VE could have testified that in specific sales representative or sales manager jobs, overhead reaching is rarely necessary. However, the ALJ never provided the VE with an opportunity to provide a reasonable explanation for the conflict.

Because the ALJ's step-four analysis is not supported by adequate factual findings, the ALJ's determination that Plaintiff can perform his past relevant work is not supported by substantial evidence. *See* SSR 82-62, 1982 WL 31386, at *4.

## VI.
## REMAND IS APPROPRIATE

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

1  Here, there are outstanding issues which must be resolved before a final
2  determination can be made.  On remand, the ALJ shall, with the assistance of a VE,
3  analyze the physical and mental demands of Plaintiff's past relevant work.  In
4  making this determination, the ALJ shall inquire on the record whether the VE's
5  testimony is consistent with the DOT and, if it is not, obtain an explanation for any
6  deviation.  *See Massachi*, 486 F.3d at 1152-53 (ALJ has affirmative duty to inquire
7  on the record whether the VE's testimony is consistent with the DOT and to obtain
8  an explanation from the VE regarding any discrepancies); SSR 00-4p, 2000 WL
9  1898704, at *2.  The ALJ shall then reassess whether, in light of Plaintiff's RFC, he
10 is capable of performing any of his past relevant work either as it was actually
11 performed or as it is generally performed in the national economy.  If the ALJ
12 concludes Plaintiff is capable of performing his past relevant work, his decision
13 must contain sufficient factual findings to support her determination as required by
14 SSR 82-62, 1982 WL 31386, at *4.  If the ALJ determines that Plaintiff cannot
15 return to his past relevant work, she must continue with step five of the sequential
16 evaluation process and, with the assistance of a VE, ascertain whether there are other
17 jobs existing in significant numbers in the regional and national economies that
18 Plaintiff can perform.[6]
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

[6] In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contention.  (*See* Joint Stip. at 16-23, 25.)

1     Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: March 12, 2012

_____
               Hon. Jay C. Gandhi
               United States Magistrate Judge